UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS H. ADACIA,** | ) | **CASE NO. 1:25 CV 01516** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **FOCUS CLEVELAND, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Douglas H. Adacia filed this civil rights complaint against numerous defendants, including Focus Cleveland, Mayor Justin Bibb, Cleveland Police Chief Dorothy Todd, Chief Constable Mark Webster, City of Cleveland, Cuyahoga County, St. Herman House, and several individuals identified as "Board of Directors." (Doc. No. 1).

Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

**I. Background**

This case is the tenth of ten cases Plaintiff has filed with similar allegations against the City of Cleveland and Cuyahoga County. *See Adacia v. Cuyahoga Cty Sheriff*, No. 1:25 CV 01312 (N.D. Ohio filed June 24, 2025)(Barker, J.); *Adacia v. Cuyahoga Cty Sheriff Dept.*, 1:25

CV 1326 (N.D. Ohio filed June 25, 2025)(Gaughan, J.); *Adacia v. Bishop William A. Cosgrove Center*, No. 1:25 CV 1336 (N.D. Ohio filed June 26, 2025)(Barker, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1388 (N.D. Ohio filed July 1, 2025)(Fleming, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1393 (N.D. Ohio filed July 2, 2025)(Brennan, J.); *Adacia v. Bibb*, No. 1:25 CV 1405 (N.D. Ohio filed July 3, 2025)(Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1442 (N.D. Ohio filed July 9, 2025)(Brennan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1469 (N.D. Ohio filed July 14, 2025)(Polster, J.); *Adacia v. Bibb*, No. 1:25 CV 1484 (N.D. Ohio filed July 15, 2025)(Fleming, J.); *Adacia v. Focus Cleveland*, No. 1:25 CV 1516 (N.D. Ohio filed July 21, 2025)(Polster, J.).

This case appears to concern an incident that occurred at St. Herman House in Cleveland, Ohio. Plaintiff alleges that two unknown police officers recruited others to assault and rob Plaintiff at St. Herman House. He claims the defendants have used their powers to protect St. Herman House from liability by preventing Plaintiff from filing criminal complaints. (Doc. No. 1 at 3). Plaintiff also claims that the staff at St. Herman House put urine, feces, and "poison chemical" in his food, recruited other guests to harass and assault Plaintiff, and the staff and police officers encouraged other guests to challenge Plaintiff to fist fights. Plaintiff alleges that Mayor Bibb, Police Chief Todd, and Chief Constable Mark Webster ordered Cleveland police officers to prevent Plaintiff from filing criminal complaints against St. Herman House. (*Id.* at 3, 4). Additional allegations include: St. Herman House staff and all Defendants have "routinely sent homosexual males to sexually assault" Plaintiff at the St. Herman House; all defendants are participating in some form of witchcraft or devil worship; Plaintiff awoke to find the defendants going through his pants pockets; and "Defendant stomp punch kick spit" on

Plaintiff. (*Id.* at 5, 6).

Plaintiff seeks monetary relief and a "stay away order" from all Defendants. He also asks the Court for 24-hour security paid for by the defendants and a criminal investigation into the defendants' conduct.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the

plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint fails to assert a cognizable claim within the jurisdiction of this Court based on recognized legal authority. And Plaintiff's sparse factual allegations are wholly incredible and irrational. Plaintiff's complaint must therefore be dismissed.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), denies his motion for appointment of counsel (Doc. No. 3), and dismisses this case pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

8/19/2025

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**